```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/20/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS GONZALEZ and JULIO SANCHEZ ESPINOZA,

                              Plaintiffs,

-against-

H.K. SECOND AVE RESTAURANT INC., SHAHEEN KHAN, and MAHA KHONDOKER,

                              Defendants.

1:20-cv-4271-(MKV)

ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT AND DISMISSING COMPLAINT

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiffs bring various claims for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York State Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL") against their alleged former employers, Defendants H.K. Second Ave Restaurant Inc., Shaheen Khan, and Maga Khondoker. [ECF No. 46]. Plaintiffs now move, for the third time, for the entry of default judgment against the Defendants who have not yet appeared in this case or answered Plaintiffs' Amended Complaint. [ECF Nos. 32, 66, 81]. For the following reasons, the Court DENIES Plaintiffs' default judgment motion and dismisses this action with prejudice.

## BACKGROUND

      This action was commenced by Plaintiffs Luis Gonzalez and Julio Sanchez Espinoza who brought claims against their purported former employers. [ECF No. 1]. All Defendants failed to appear or otherwise respond to Plaintiffs' original complaint. However, after four months of silence, the Court dismissed the action without prejudice for failure to prosecute. [ECF No. 14]. Thereafter, Plaintiffs filed a motion to reopen the case, which the Court granted. [ECF No. 16]. Months later, and nearly a year after the case was initially commenced, the Court again dismissed

1

the action for failure to prosecute. [ECF No. 29]. In its second dismissal for Plaintiffs' failure to prosecute, the Court noted that "[a]ny application to reopen this case must also explain why Plaintiffs have delayed more than four months in filing a motion for default judgment." [ECF No. 29]. Thereafter, Plaintiffs again filed a motion to reopen the case, which the Court granted. [ECF No. 31].

Plaintiffs subsequently filed a motion for default judgment against all Defendants. [ECF No. 32]. After a hearing, the Court denied the motion for default judgment without prejudice and granted leave to Plaintiffs to amend the Complaint due to several substantive deficiencies. [ECF No. 43]. Shortly thereafter, Plaintiffs filed a First Amended Complaint. [ECF No. 46]. Months later, after more silence, the Court *sua sponte* gave Plaintiffs another nudge, ordering Plaintiffs to obtain certificates of default from the Clerk of the Court by a certain deadline and move for a default judgment against Defendants. [ECF No. 56]. The Court further directed Plaintiffs to its Individual Rules and Practices for Civil Cases "available at the Court's website" for directions on how to properly file for a default judgment. [ECF No. 56].

Plaintiffs then filed their second motion for default judgment against all Defendants. [ECF No. 66]. The Court held a hearing on Plaintiffs' new motion. At that hearing, the Court raised several issues that prevented it from properly entering a default judgment, including the failure to properly serve Defendants, which was acknowledged by counsel during the hearing and highlighted in the information supplied in support of the request for attorneys' fees. [ECF No. 78]. Specifically, the Court noted that Corporate Defendant H.K. Second Ave Restaurant Inc. had been closed since before Plaintiffs filed its original complaint. [ECF No. 78 at 4]. Plaintiffs' counsel agreed, stating, "In regards to the corporation, *I do tend to agree that it was closed*, and we did serve the same charges, *and that would not be proper service*." [ECF No. 78 at 6]. The Court

2

further noted that service on the Individual Defendants, who allegedly were the owners and/or managers of the Corporate Defendant's, was also improper.  Plaintiffs purportedly had served a "coworker who identified himself as Juan Smith." [ECF No. 78 at 6].  However, the Court noted that "[y]ou can't serve business coworkers if the business was closed and these people were no longer working there." [ECF No. 78 at 6].  Plaintiffs agreed, stating, "[t]hat's correct, your Honor. I don't disagree with that." [ECF No. 78 at 6].  Ultimately, the Court denied Plaintiffs' second motion for default judgment without prejudice to renewal.  In doing so, the Court noted "[t]he Court previously has twice discontinued this case for failure to prosecute . . . This is Plaintiffs' final warning." [ECF No. 77].

Thereafter, Plaintiffs filed their *third* motion for default judgment, which is now before the Court. [ECF No. 81].  In conjunction with its third motion, Plaintiffs filed a letter detailing further difficulties in serving Defendants. [ECF No. 80].  Plaintiffs' counsel explains that "our office has been unable to discover any information which confirms that this business was closed despite executing asset searches, and also requesting information through the New York Department of State Division of Corporations. [ECF No. 80].  Plaintiffs, however, provide no documentation that the Corporate Defendant is still actively in business.  Instead, Plaintiffs "request[] further guidance on how the Court wishes to proceed on the issue of service[.]" [ECF No. 80].

## DISCUSSION

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, there is "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).  However, the Second Circuit has an "oft-stated preference for resolving disputes on the merits," *Enron Oil Corp.*

3

*v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), and therefore "[a] plaintiff is not entitled to default judgment as a matter of right, merely because a party has failed to appear or respond." *LG Funding, LLC v. Florida Tilt, Inc.*, No. 15-CV-631, 2015 WL 4390453, at *2 (E.D.N.Y. July 15, 2015) (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)). "A district court is empowered under Rule 55(b)(2), in the exercise of its discretion, to 'conduct hearings or make referrals' as may be necessary, *inter alia*, to . . . establish the truth of the plaintiff's allegations." *Mickalis Pawn Shop*, 645 F.3d at 129 (quoting Fed. R. Civ. P. 55(b)(2)(B)–(C)).

As an initial matter, Rule 55 requires that "the pleading to which no response has been made was properly served." Fed. R. Civ. P. 55(a).  In other words, "[a] default judgment may not be granted, [] if the defendant has not been effectively served with process." *O'Callaghan v. Sifre*, 242 F.R.D. 69, 72 (S.D.N.Y. 2007); *see also Enron Oil Corp.*, 10 F.3d at 98 (default judgment on amended pleading would not be appropriate in the face of conflicting evidence as to whether that pleading was served on the defendant); *OS Recovery, Inc. v. One Groupe Int'l, Inc.*, No. 02 Civ. 8993, 2005 WL 1744986, at *1 (S.D.N.Y. 2005) ("It is axiomatic, of course, that a court may not properly enter a default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process.") (internal quotation marks and citations omitted).  For "a plaintiff to be entitled to enter a default judgment motion on an amended pleading, there must be an adequate showing that the relevant amended pleading was duly served, under the relevant rules." *O'Callaghan v. Sifre*, 242 F.R.D. 69, 72 (S.D.N.Y. 2007).  Even then, an entry of a default judgment is in the sound discretion of the trial court. *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013).

Plaintiffs have failed to cure the deficiencies—raised by the Court and conceded by Plaintiffs—concerning their proof of service on Defendants.  Plaintiffs have previously conceded

4

that "[i]n regards to the corporation, I do tend to agree that it was closed . . . and that would not be proper service." [ECF No. 78 at 6]. Moreover, a July 2020 entry on Plaintiffs counsel's billing records by Michael Faillace, Esq., who was previously representing Plaintiffs in this action but subsequently withdrew as counsel [ECF No. 45], expressly states "discussed with Ct *and determined that the business is closed* and we have to serve them at their home or other place of business." [ECF No. 67, Ex. 8 at 1] (emphasis added). Nevertheless, the Court provided Plaintiffs with a proverbial *third* bite at the apple to produce support that service was proper and that Defendants were effectively put on notice of the action. Instead, Plaintiffs filed a letter "request[ing] guidance" from the Court on how to address the service issue. [ECF No. 80]. The Court cannot provide legal advice or inform counsel how to prosecute this case.

Despite ample opportunity to do so, Plaintiffs have simply failed to provide assurance that Defendants were effectively put on notice of the action. *See Lab Crafters, Inc. v. Flow Safe, Inc.*, 233 F.R.D. 282, 284 (E.D.N.Y. 2005) ("The Federal Rules of Civil Procedure place the responsibility for proper service of a summons and complaint, and the burden of demonstrating proper service, squarely upon the plaintiff.") (citing Fed. R. Civ. P. 4(c)(1)); *see also Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997), *aff'd*, 173 F.3d 844 (2d Cir. 1999). As such, the Court declines to enter a default judgment against Defendants.

## CONCLUSION

Plaintiffs' motion for entry of a default judgment is DENIED. As forewarned in the Court's prior Orders, after two prior dismissals for failure to prosecute, and now three deficient motions for default judgment, "[t]his [was] Plaintiffs' final warning." [ECF No. 77]. Plaintiffs' case is

5

therefore dismissed with prejudice. The Clerk of Court is respectfully requested to close docket entry 81 and close this case.

**SO ORDERED.**

**Dated: February 20, 2024**
      **New York, New York**

_____
**HON. MARY KAY VYSKOCIL**
**United States District Judge**